UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:14-CV-127 WL |
| v. | ) |
| | ) |
| STEVEN H. CALHOUN, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, is an abusive litigator. He is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because he has accumulated ten[1] strikes. The court has previously observed – and cautioned him – that, "[i]t appears that because of that restriction, he is now attempting to raise . . . claims in creatively captioned filings [and that] if Frohwerk persists in such efforts, he may be fined, sanctioned or restricted." *Frohwerk v. United States*, 2:12-CV-066

---

[1] As a part of determining whether Frohwerk's conduct warrants restricting him, the court has verified that each of these ten cases qualify as strikes:
  (1) *Frohwerk v. Brinkley*, 3:08-cv-578 (N.D. Ind. filed December 12, 2008), dismissed February 11, 2009, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.
  (2) *Frohwerk v. Correctional Medical Services*, 3:09-cv-317 (N.D. Ind. filed July 17, 2009), dismissed September 1, 2009, pursuant to 28 U.S.C. § 1915A for failure to state a claim.
  (3) *Frohwerk v. Correctional Medical Services*, 2:11-cv-200 (N.D. Ind. filed June 13, 2011), dismissed June 20, 2011, pursuant to 28 U.S.C. § 1915A for failure to state a claim.
  (4) *Frohwerk v. Westville Correctional Facility*, 2:11-cv-201 (N.D. Ind. filed June 13, 2011), dismissed June 20, 2011, pursuant to 28 U.S.C. § 1915A as malicious.
  (5) *Frohwerk v. Doe*, 2:11-cv-202 (N.D. Ind. filed June 13, 2011), dismissed June 20, 2011, pursuant to 28 U.S.C. § 1915A for failure to state a claim.
  (6) *Frohwerk v. Bean*, 2:11-cv-209 (N.D. Ind. filed June 17, 2011), dismissed August 11, 2011, pursuant to 28 U.S.C. § 1915A for failure to state a claim.
  (7) *Frohwerk v. Johnson*, 2:11-cv-133 (N.D. Ind. filed April 12, 2011), dismissed September 22, 2011, pursuant to 28 U.S.C. § 1915A for failure to state a claim and because it was malicious.
  (8) *Frohwerk v. Unknown Officials of WCU*, 2:11-cv-210 (N.D. Ind. filed June 17, 2011), dismissed October 17, 2011, pursuant to 28 U.S.C. § 1915A for failure to state a claim.
  (9) *Frohwerk v. 5501 S 1100 West*, 2:11-cv-382 (N.D. Ind. filed October 21, 2011), dismissed November 1, 2011, pursuant to 28 U.S.C. § 1915A as frivolous and malicious.
  (10) *Frohwerk v. 5501 S 1100 West*, 2:11-cv-424 (N.D. Ind. filed November 17, 2011) dismissed November 18, 2011, pursuant to 28 U.S.C. § 1915A as frivolous and malicious.

(N.D. Ind. filed February 13, 2012) (DE 5). At the same time he was warned that "Prisoners cannot avoid the . . . rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Among the antics which led to those admonitions were suing the same defendants for the same claims in multiple lawsuits;[2] attempting to place liens on the Westville Correctional Facility;[3] and suing the United States to obtain asylum in Switzerland.[4]

Nevertheless, Frohwerk has now filed a new case with the caption, "Motion for Concurrent Federal Jurisdiction" in which he seeks to have this court hear an appeal that he is simultaneously taking from the LaPorte Circuit Court to the Indiana Supreme Court. DE 1. However the *Rooker-Feldman* doctrine precludes this court from directly reviewing a state court judgment. *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). "[O]nly the Supreme Court of the United States may set aside a state court's decision in civil litigation." *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013). This case is yet one more meritless lawsuit filed by Frohwerk. He was warned that he cannot evade the rules by creative captioning. He was warned that he could be restricted if he continued to do so. He was warned that "[a]n effort to bamboozle the court . . .

---

[2] The court has identified five instances where Frohwerk sued the same defendant for the same claim more than once. Though the court did not contemporaneously identify all of these instances as malicious, the pattern demonstrated here evidences a practice of harassing defendants.

(1) *Frohwerk v. Brinkley*, 3:08-cv-578 (N.D. Ind. filed December 12, 2008) and *Frohwerk v. Brinkley*, 3:09-cv-161 (N.D. Ind. filed April 15, 2009).

(2) *Frohwerk v. Buss*, 2:11-cv-070 (N.D. Ind. filed February 23, 2011) and *Frohwerk v. Unknown Employees*, 2:11-cv-201 (N.D. Ind. filed June 13, 2011).

(3) *Frohwerk v. Carter*, 2:11-cv-199 (N.D. Ind. filed June 13, 2011) and a prior LaPorte Circuit Court case.

(4) *Frohwerk v. Buss*, 2:11-cv-070 (N.D. Ind. filed Feb. 23, 2011) and *Frohwerk v. Johnson*, 2:11-cv-133 (N.D. Ind. filed April 12, 2011).

(5) *Frohwerk v. Lemmon*, 2:11-cv-22 (N.D. Ind. filed June 24, 2011), *Frohwerk v. 5501 S 1100 West*, 2:11-cv-382 (N.D. Ind. filed October 21, 2011), and *Frohwerk v. 5501 S 1100 West*, 2:11-cv-424 (N.D. Ind. filed November 17, 2011).

[3] *Frohwerk v. 5501 S 1100 West*, 2:11-cv-382 (N.D. Ind. filed October 21, 2011) and *Frohwerk v. 5501 S 1100 West*, 2:11-cv-424 (N.D. Ind. filed November 17, 2011).

[4] *Frohwerk v. United States*, 2:12-cv-066 (N.D. Ind. filed February 13, 2012).

after a federal judge has held that § 1915(g) applies to a particular litigant will lead to . . . an order forbidding further litigation." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Reaching this decision to restrict Frohwerk has involved individually reviewing all 30 of the cases that he has litigated before this court. In addition to the vexatious litigation history recounted above, that review has uncovered that this court could have – but refrained from – restricting Frohwerk on three prior occasions. On July 6, 2011, in *Frohwerk v. Carpenter*, 2:11-cv-222 (N.D. Ind. filed June 24, 2006), this court found that Frohwerk was precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g).[5] Nevertheless, Frohwerk filed three more frivolous and malicious cases without being restricted.[6] The third time, the court set forth the warnings discussed above, but Frohwerk did not heed them. Therefore he will be restricted pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

As explained in *Sloan*, this case will be dismissed, the filing fee assessed, and Frohwerk restricted until he has paid in full all outstanding filing fees and sanctions. A review of this court's ledgers indicates that (including this case) Frohwerk owes $9,482.46 in outstanding filing fees. The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir.

---

[5] Frohwerk was also informed that he was "three struck on at least seven other occasions. *See* order entered on August 15, 2011, in *Frohwerk v. Carpenter*, 2:11-cv-222 (N.D. Ind. filed June 24, 2006). *See* orders entered on July 7, 2011, August 3, 2011, November 3, 2011, and December 19, 2011, in *Frohwerk v. Lemmon*, 2:11-cv-00221 (N.D. Ind. filed June 24, 2011). *See* order entered on December 15, 2011, in *Frohwerk v. 5501 s 1100 West*, 2:11-cv-424 (N.D. Ind. filed November 17, 2011). *See* order entered on February 16, 2012, in *Frohwerk v. United States*, 2:12-cv-066 (N.D. Ind. filed February 13, 2012).

[6] *Frohwerk v. 5501 S 1100 West*, 2:11-cv-382 (N.D. Ind. filed October 21, 2011), *Frohwerk v. 5501 S 1100 West*, 2:11-cv-424 (N.D. Ind. filed November 17, 2011), and *Frohwerk v. United States*, 2:12-CV-066 (N.D. Ind. filed February 13, 2012).

3

1995). Pursuant to the express language of *Mack*, this restriction does not apply to Frohwerk's pending habeas corpus proceeding: *Frohwerk v. Superintendent*, 3:13-cv-1206 (N.D. Ind. filed November 20, 2013). In addition, the court will not apply it to his pending claim for injunctive relief on which he has been permitted to proceed on a claim that he is in imminent danger of serious physical injury: *Frohwerk v. Levenhagen*, 3:13-cv-1398 (N.D. Ind. filed December 23, 2013). Furthermore, it does not restrict him from filing a notice of appeal in this case.

For the foregoing reasons, the court:

(1) **DISMISSES** this case as frivolous and malicious pursuant to 28 U.S.C. § 1915A;

(2) **ORDERS** the plaintiff **David Frohwerk, IDOC # 985446** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(3) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of David Frohwerk (unless filed in a habeas corpus or federal criminal proceeding, or filed in *Frohwerk v. Superintendent*, 3:13-cv-1206 or *Frohwerk v. Levenhagen*, 3:13-cv-1398, or a notice of appeal and related documents in this case) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(5) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

ENTERED: February 4, 2014

                                                           s/William C. Lee
                                                           William C. Lee, Judge
                                                           United States District Court